# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARCO ANTONIO CAIZA PILLAJO,

     Petitioner,

v.

GEORGE DEDOS, Warden Cibola County
Correctional Center; MARY DE ANDA-
YBARRA, Field Office Director of
Enforcement and Removal Operations, El
Paso Field Office, Immigration and Customs
Enforcement; ACTING DIRECTOR,
Immigration and Customs Enforcement;
TODD BLANCHE, Acting Attorney General
of the United States; and MARKWAYNE
MULLIN, Secretary of the U.S. Department
of Homeland Security,

     Respondents.

Case No. 1:26-cv-02066-MIS-DLM

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on pro se Petitioner Marco Antonio Caiza Pillajo's

Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed June 26, 2026. Respondents

Mary De Anda-Ybarra, Acting Director, Immigration and Customs Enforcement, Todd Blanche,

and Markwayne Mullin ("Federal Respondents"),[1] filed an initial Response on July 10, 2026, ECF

---

[1] Respondent George Dedos did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear

No. 8, and a second Response ("Second Response") on July 20, 2026, ECF No. 10, due to the Court's second Order to Show Cause, ECF No 9.

Petitioner has been detained for nearly a year, Pet. at 4, ECF No. 1, and detained under a final order of removal for six months, see Order to Show Cause, ECF No. 9 ("Petitioner has been held pursuant to 8 U.S.C. Section 1231 since January 23, 2026."). Petitioner alleges Respondents have kept him in detention to meet bed quotas and to punish him for seeking relief from detention. Pet. at 6, ECF No. 1.

"After entry of a final removal order and during the 90–day removal period . . . aliens must be held in custody." Zadvydas v. Davis, 533 U.S. 678, 683 (2001) (citing 8 U.S.C. § 1231(a)(2)). Custody of an alien under a final order of removal for more than six months is presumed unreasonable if the alien provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

Respondents argue that Petitioner is being permissibly held under mandatory detention because DHS ICE is actively arranging his deportation to Honduras. Second Resp. at 1-4, ECF No. 10. Respondents state that "[o]n March 31, 2026, DHS ICE requested assistance from Headquarters Removal and International Operations (HQ RIO) in placing the Petitioner in the ACA Honduras Removal Program." Id. at 2. Respondents further state that "DHS ICE is currently awaiting assistance from HQ RIO in allocating a flight to the Honduras for the Petition[er], and intends to follow proper procedures for third-county removals." Id. Respondents give no estimated time for HQ RIO to respond to the request made four months ago, nor do they give an estimate of how long it will take to remove Petitioner after they receive a response. See generally id.

---

at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

This Court has granted release to petitioners held under 8 U.S.C. § 1231 for more than six months where there was no significant likelihood of removal in the reasonably foreseeable future. Khan v. Current Sec'y of Dep't of Homeland Sec., No. 2:26-CV-00315-MIS-GJF, 2026 WL 776190, at *2-3 (D.N.M. Mar. 19, 2026). Petitioner is in a similar position. As Petitioner has been in custody for eleven months and under a final order of removal for six months, and Respondents state only that they made a request to begin the removal process four months ago, a request which has so far gone unacknowledged, see Second Resp. at 3-4, ECF No. 10, the Court finds that Respondents failed to satisfy their evidentiary burden of showing there is a significant likelihood of removal in the reasonably foreseeable future. The Court therefore finds Petitioner's detention is unreasonably prolonged in violation of his constitutional rights. Khan, 2026 WL 776190, at *3. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate conditional release. See generally Resp., ECF No. 8; Second Resp., ECF No. 10.

Accordingly, it is **HEREBY ORDERED** that:

1.   Petitioner Marco Antonio Caiza Pillajo's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.   Respondents are **ORDERED** to immediately release Petitioner from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;

3.   Respondents are **ENJOINED** from re-detaining Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) concrete travel plans to remove Petitioner from the United States;

4.      Respondents **SHALL** file a Notice of Compliance with this Order; and

5.      The Court will separately enter Final Judgment in favor of Petitioner but retain

jurisdiction over this matter to ensure compliance with this Order.


_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

4